John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:     (212) 374-5401
Facsimile:      (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TRION JAMES,** | Case No.: 1:22-cv-2463 |
| Plaintiff, | |
| – against – | **COMPLAINT** |
| **PORT AUTHORITY POLICE DEPARTMENT** and **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Trion James ("James") by his attorneys, Balestriere Fariello, for his Complaint against Defendants Port Authority Police Department (the "PAPD") and Port Authority of New York and New Jersey ("Port Authority") respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     This is an action to redress the deprivation of rights secured to James pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

2. James is and continues to be a victim of racial discrimination in his scope of employment with Defendants Port Authority and the PAPD.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964.

4. Pursuant to Title VII of the Civil Rights Act of 1964, James filed charges with the United States Equal Employment Opportunity Commission (the "EEOC").

5. On December 30, 2021, the EEOC issued to James a Notice of Right to Sue.

6. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants are located in this judicial district and all relevant events took place in this judicial district.

## PARTIES

7. James is, and, at all times mentioned in this complaint, was a resident of New York County.

8. Defendant Port Authority is and was at all times relevant herein a governmental entity created and authorized under the laws of the States of New York and New Jersey. Its corporate office is located in New York, New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9. Defendant PAPD is headquartered in Jersey City, New Jersey, with precincts located across New York, New York.

## **STATEMENT OF FACTS**

10. The Port Authority maintains the PAPD as an active police force, where officers begin their careers as uniformed officers. Both uniformed police officers and detectives supervised directly by police officers who have obtained the rank of "Sergeant" or "Detective Sergeant."

11. The rank of Sergeant is the first official supervisory level in the leadership hierarchy of the Port Authority police department. Above the rank of Sergeant are the ranks of Detective Sergeant, Lieutenant, Detective Lieutenant, Captain, Inspector, Assistant Chief, Deputy Chief, and Chief of the Department. Each rank in the hierarchy is paid more than the ranks below.

12. Sergeants are paid approximately 20-25% more than uniformed officers.

13. A police officer cannot be promoted to higher ranks without first being promoted to Sergeant.

14. In order to qualify for promotion to Sergeant, police officers must pass an examination that is administered approximately every three years.

*Sergeant James Faces Discrimination*

15. From at least 2009 and continuing as recent as 2022, James has been the victim of Defendants' racial discrimination.

16. James has been consistently and intentionally targeted by his superiors with racial and homophobic remarks, such as "nigger" and "faggot" in the presence of his colleagues, many of whom are his subordinates.

17. Instead of addressing his concerns—which amount to a hostile work environment—James has been denied promotions when he raises such concerns.

18. For example, in March 2021, Defendants issued a memorandum to all Officers regarding a opportunity for the position of Detective Sergeant.

19. Defendants, however, discriminated against James on the basis of his race and failed to issue the memorandum to James, as he had consistently complained about the racial and homophobic remarks made against him.

20. James, moreover, was improperly transferred by the PAPD when he raised further concerns about the hostile work environment.

21. As a result of the foregoing, James has suffered and continues to suffer significant financial and emotional damage including but not limited to lost income, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain, and other distress.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII
(Against all Defendants)

22. Plaintiff realleges and incorporates each and every one of the above allegations as if set out here in full.

23. Defendants have discriminated against Plaintiff on the basis of his race, in violation of Title VII by denying to him equal terms and condition of employment, including but not limited to subjecting her to an adverse employment action and a hostile work environment.

24. Defendants have discriminated against Plaintiff on the basis of his race, in violation of Title VII by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

25. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

26. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer mental severe mental anguish and emotional distress, including but limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which he is entitled to an award of monetary damages and other relief.

27. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants, awarding:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Applicable interest on the foregoing amount;

D. Costs of suit herein;

E. Investigation costs;

F. Payment of reasonable attorneys' fees;

G. Any and all other relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury for all issues so triable in this action.

Dated: New York, New York
       March 27, 2022

_____
John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*