UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRION JAMES,

                       Plaintiff,

-against-

PORT AUTHORITY POLICE DEPARTMENT,
PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, EDWARD CETNAR (in his official capacity),
CHRISTOPHER MCNERNEY (in his official capacity),
and DOES 1-5,

                       Defendants.
------------------------------------------------------------------X

Civil No.: 1:22-cv-02463-PGG

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST <u>AMENDED COMPLAINT</u>**

**JURY TRIAL DEMANDED**

      Defendants The Port Authority of New York and New Jersey ("Port Authority"), Edward Cetnar, and Christopher McNerney ("Defendants")[1], by and through the Port Authority Law Department, as and for their Answer to the Amended Complaint of Trion James ("Plaintiff"), dated June 15, 2022, allege, upon information and belief, as follows:

      1.     Neither admit nor deny the allegations set forth in paragraph "1" of the Amended Complaint insofar as no allegations of fact are made therein. To the extent an answer is necessary, the allegations are denied, and all questions of law are respectfully referred to the Court.

      2.     Deny the allegations set forth in paragraph "2" of the Amended Complaint.

      3.     Neither admit nor deny the allegations set forth in paragraph "3" of the Amended Complaint insofar as no allegations of fact are made therein. To the extent an answer is necessary, the allegations are denied, and all questions of law are respectfully referred to the Court.

      4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Amended Complaint.

---

[1] The Port Authority Police Department is not a distinct legal entity and is not subject to suit.

5.      Admit the allegations set forth in paragraph "5" of the Amended Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint except admit the Port Authority maintains a place of business in this judicial district, and all questions of law are respectfully referred to the Court.

7.      Admit the allegations set forth in paragraph "7" of the Amended Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Amended Complaint except admit that the Port Authority (a) is a body corporate and politic created by Compact between the states of New York and New Jersey with the consent of the Congress of the United States, and (b) maintains a corporate office in New York, New York, and (c) maintains a police department.

9.      Admit the allegations set forth in paragraph "9" of the Amended Complaint.

10.     Admit the allegations set forth in paragraph "10" of the Amended Complaint.

11.     Admit the allegations set forth in paragraph "11" of the Amended Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint in the form alleged, except admit that the Port Authority maintains a police department.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that the police department may employ individuals in the following positions:   police officer; detective; detective sergeant or sergeant; detective lieutenant or lieutenant; captain; deputy inspector; inspector; deputy chief; assistant chief; and chief.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that Plaintiff was hired by the Port Authority in 2006.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint, except deny that "violent confrontations between colleagues" was a common occurrence at the Port Authority.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint, except admit that Plaintiff filed a Complaint, dated December 25, 2019, regarding an incident that allegedly occurred on December 20, 2019.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint, except admit that Plaintiff submitted an application to be considered for Police Detective Sergeant.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint, except admit that McNerney is Chief of Staff to the Superintendent.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Amended Complaint, except deny that Plaintiff was subjected to a hostile work environment.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint, except admit that Plaintiff was not selected for Police Detective Sergeant.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint, except admit that the Port Authority received notice of the EEOC investigation.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint, except admit that, by Personnel Order dated October 26, 2021, Plaintiff was transferred to John F. Kennedy International Airport, and respectfully refer the Court to said document for its content.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint, except admit that by email dated November 1, 2021, Cetnar confirmed the basis of Plaintiff's transfer, and respectfully refer the Court to said document for its content.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint, except admit that on or about December 7, 2021, Plaintiff filed a form with the Port Authority titled Grievance Procedure for Claimed Violations of the Memorandum of Agreement, and respectfully refer the Court to said document for its content.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint, and respectfully refer the Court to the Memorandum of Agreement between the Port Authority Sergeants Benevolent Association and the Port Authority for its content.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint, except admit that the Port Authority commenced an action to stay arbitration, and respectfully refer the Court to the motion papers filed therein for their content.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint, and respectfully refer the Court to the motion papers filed therein for their content.

46. Admit the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
## VIOLATION OF TITLE VII

49. Defendants repeat and reallege each and every response set forth in paragraphs "1" through "48" above as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

## AS AN FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
## VIOLATION OF TITLE VII

55. Defendants repeat and reallege each and every response set forth in paragraphs "1" through "54" above as if fully set forth herein.

56. Neither admit nor deny the allegations set forth in paragraph "56" of the Amended Complaint insofar as said paragraph states a conclusion of law rather than an allegation of fact.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. With respect to all matters alleged in the Amended Complaint, the Port Authority fully complied with and followed its rules, regulations, and procedures with respect to Plaintiff's

employment, and its decisions concerning Plaintiff's employment were based on reasonable and legitimate, non-discriminatory reasons and factors, not on Plaintiff's race or complaints of discrimination.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. The Port Authority exercised reasonable care to prevent discriminatory behavior in the workplace and if Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the Port Authority then his claims may be barred.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. The Port Authority is not liable, under the doctrine *of respondeat superior*, for claims brought under the Constitution and Federal law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Punitive damages cannot be assessed against the Port Authority because it is a governmental agency of the States of New York and New Jersey.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims may be barred, in whole or in part, by his failure to comply with the EEOC's jurisdictional prerequisite of filing a charge of discrimination with the EEOC in a timely manner and Plaintiff bears the burden of proof of compliance.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. The Port Authority has, at all times, provided equal employment opportunities to all individuals and has maintained no policy or practice of discrimination.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## PRESERVATION OF DEFENSES

Defendants reserve the right to assert and rely on all additional defenses that become available or apparent in this action.

## JURY DEMAND

Defendants demand a jury trial on all issues.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's Amended Complaint, together with attorneys' fees, costs, and disbursements incurred by them in their defense of this action, and for such other and further relief as this Court may deem just, equitable, and proper.

Dated: New York, New York
August 17, 2021

                        Yours, etc.,

                        THE PORT AUTHORITY LAW DEPARTMENT
*Attorneys for The Port Authority of New York and New Jersey, Edward Cetnar and Christopher McNerney*

                        By:    /s/*Megan Lee*
                              Megan Lee, Esq.
                              Andrew Rafalaf, Esq.
                              4 World Trade Center, 24th Floor
                              150 Greenwich Street
                              New York, New York 10007
                              Telephone No.: (212) 435-3435

TO:    All Counsel of Record (via NYSCEF)