M8I8TRIC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    TRION JAMES,

4                    Plaintiff,

5            v.                              22 Cv. 2463 (PGG)

6    PORT AUTHORITY POLICE DEPARTMENT,
     *et al.*,
7
                     Defendants.
8
     ------------------------------x
9                                           New York, N.Y.
                                            August 18, 2022
10                                          11:00 a.m.

11   Before:

12                      HON. PAUL G. GARDEPHE,

13                                          District Judge

14                            APPEARANCES

15   BALESTRIERE FARIELLO
          Attorneys for Plaintiff
16   BY:  MANDEEP S. MINHAS

17   PORT AUTHORITY LAW DEPARTMENT
          Attorneys for Defendants
18   BY:  MEGAN LEE

19

20

21

22

23

24

25

M8I8TRIC

1          (In open court; case called)

2          THE DEPUTY CLERK:  Counsel for the plaintiff, please

3     state your appearance.

4          MR. MINHAS:  Good morning, your Honor.  Mandeep Minhas

5     for Plaintiff Trion James.

6          THE DEPUTY CLERK:  Counsel for defendant, please state

7     your appearance.

8          MS. LEE:  Good morning.  Megan Lee, Port Authority Law

9     Department, for the defendants, Port Authority, Edward Cetnar,

10    and Lieutenant McNerney.

11         THE COURT:  This matter is on my calendar for purposes

12    of conducting an initial pretrial conference.

13         The plaintiff is employed by Defendant Port Authority

14    of New York and New Jersey.  It brings claims for employment

15    discrimination and retaliation against the Port Authority and

16    two of its employees.

17         The parties have submitted a joint letter in

18    preparation for today's conference along with a proposed case

19    management plan.

20         Let me ask plaintiff's counsel, how many depositions

21    do you anticipate taking at this point?

22         MR. MINHAS:  Plaintiffs anticipate taking at least ten

23    depositions.

24         THE COURT:  Why so many?

25         MR. MINHAS:  Mostly because of the witnesses that were

M8I8TRIC

1   involved during the 2009 and 2019 incidents.  During the 2009

2   incident, my client was involved in a physical confrontation

3   with Defendant McNerney, and there are at least two witnesses

4   during the 2009 incident.  And in 2019, again, there were

5   several supervisors, I believe at least three, who witnessed

6   the racial and homophobic attacks against Sergeant James and

7   the improper transfer where my client was transferred from the

8   World Trade Center to JFK Airport.  Obviously, we have to

9   depose Defendant McNerney, but there were also at least two

10  other witnesses who were involved, based on my discussions with

11  my client.  So I am estimating at least ten depositions.

12          THE COURT:  What are your expectations with respect to

13  document discovery?

14          MR. MINHAS:  I expect that actual paper discovery will

15  be limited, mostly based to e-mails and internal procedure

16  guidelines that the Port Authority Police Department or the

17  Port Authority of New York maintains.  I don't expect it to be

18  a huge burden on defendants.

19          THE COURT:  All right.

20          What does defense counsel anticipate in terms of

21  depositions?

22          MS. LEE:  Your Honor, it will really be guided by what

23  the plaintiff is seeking, but I know that there may be a

24  nonparty deposition in connection with the transfer of Sergeant

25  James to JFK because that involved an issue outside of the

M8I8TRIC

1  police department.

2        I would have to see their Rule 26 disclosure to see

3  if -- I don't know if he is going to list his wife as a

4  witness.  We would probably need to depose her if that were the

5  case.

6        They have also claimed that he has suffered -- that he

7  is undergoing therapy and is receiving psychiatric medications.

8  So I would anticipate having to depose his doctor if that is

9  the case.

10       So I would say probably at least five on our part,

11  including the plaintiff, but maybe more depending on -- I would

12  assume a lot of the people plaintiff seeks to depose are going

13  to cover our bases as well.

14       THE COURT:  Do you agree with plaintiff's counsel's

15  comments about document discovery here?

16       MS. LEE:  We will serve a request on Sergeant James

17  for any information he may have, but I assume it's going to be

18  e-mails that he has already sent to us.  We have already

19  started gathering various documents in anticipation of

20  producing it in the Rule 26 disclosure.  So I think we have got

21  our hands around a lot of it.  The problem is going back to

22  2009, it may be difficult to get documents that far back, but

23  we are endeavoring to get those.

24       We would need his medical records.  So I would request

25  that we get authorizations for any of his doctors that he is

M8I8TRIC

1  seeing, the sooner the better.

2              THE COURT:  When can you get those to defense counsel?

3  Because we don't want to delay here because the medical records

4  aren't available.

5              MR. MINHAS:  Sure.  If defendant can send over the

6  forms for the authorization release, we can get them over by

7  the end of the week.

8              THE COURT:  The reason why I am asking these questions

9  is the period of discovery that the parties have sought is

10  longer than I typically would provide for in this type of case.

11  The plaintiff has suggested 180 days, or six months.  And the

12  defendant suggests eight and a half months.  And to put it in

13  perspective, in this type of case, a single plaintiff

14  employment discrimination action, I would typically provide for

15  90 days of fact discovery, and then a separate period for

16  expert discovery if that's necessary.

17              There is not going to be any expert discovery, right?

18              MR. MINHAS:  No, your Honor.

19              If I may, plaintiffs have only requested four months

20  for fact discovery.  I believe you may have stated eight

21  months.  Defendants are seeking, I believe, eight months for

22  discovery, whereas we hope to conclude fact discovery by

23  December 16.

24              THE COURT:  I stand corrected.  Thank you.

25              MR. MINHAS:  Thank you, your Honor.

M8I8TRIC

1    MS. LEE:  Your Honor, if I may, I think there would be

2    expert discovery if there are doctors.

3    THE COURT:  Well, I guess you could view it that way.

4    Doctors are experts, in the sense that they have medical

5    knowledge, but I am not sure I would view a treating physician

6    as an expert.  I would view him as a fact witness, actually.

7    Anyway, could you tell me why you think eight and a

8    half months is necessary?

9    MS. LEE:  Your Honor, just in handling these kind of

10   cases for the Port Authority, they tend to take longer than we

11   anticipate, and we have to come back to the court and ask for

12   extensions.  So, rather than do that, I was just seeking ample

13   time to complete it.  We have a number of officers going back

14   to 2009.  There may be officers who have retired.  I know we

15   are facing a number of retirements coming up because there has

16   been a change in the contract so there is a flurry of officers

17   retiring.  So there could be scheduling difficulties,

18   especially with ten witnesses.  And I have a federal trial in

19   November.

20   THE COURT:  Where?

21   MS. LEE:  Here.  Not in this courtroom.

22   THE COURT:  Did you say November?

23   MS. LEE:  November, yes.

24   And in that case, the judge reopened discovery.  So we

25   have to get discovery done in that case before the trial in

M8I8TRIC

1    November.

2           THE COURT:  OK.  The reason for my concern is that

3    when I provide for a period of something on the order of eight

4    and a half months, my experience is that the matter sort of

5    goes on the back burner because, of course, there are more

6    pressing issues, and that's not useful for me and ultimately I

7    don't think it's useful for the parties either, because what we

8    are interested in here is a resolution, whether it be by

9    settlement or through litigation.

10          So having heard what both of you have to say, what I

11   am going to do is provide for a longer period than I generally

12   do, really in deference to what defense counsel said about her

13   personal schedule.

14          The deadline for fact discovery will be

15   January -- Mike, January 18, is that a weekend?

16          THE DEPUTY CLERK:  January 18 is a Wednesday, your

17   Honor.

18          THE COURT:  So the deadline will be January 18, 2023

19   for fact discovery.  And it would be my expectation that any

20   deposition of the treating physician would happen within that

21   time period.

22          I am going to want to speak with you again in about 90

23   days to make sure that things are proceeding appropriately.

24          When does your trial start?

25          MS. LEE:  It starts, I want to say around November 11

M8I8TRIC

1    or like that second week.

2              THE COURT:  So we will put it on for the first week so

3    it doesn't interfere with your trial.

4              Mike, can you give us a date that first week in

5    November.

6              THE DEPUTY CLERK:  Thursday, November 3, 10:45 is

7    available.

8              THE COURT:  Does that present any issues for anyone,

9    November 3 at 10:45?

10             MR. MINHAS:  That works well for plaintiff's counsel.

11             MS. LEE:  It's fine for me, your Honor.

12             With respect to the January 18 date, I usually take

13   vacation the beginning of January because I have extra vacation

14   days that I have to use or lose working for the government.

15   Can we move it to the end of January?

16             THE COURT:  I will do it, but you have got to get

17   everything done within this time.  Don't come back and tell me

18   you need more time because I am going to say no.

19             MS. LEE:  I will, your Honor.  We really have been

20   gathering the documents to get this thing moving.

21             THE COURT:  All right.  So the deadline will be

22   January 31, 2023.

23             MS. LEE:  Thank you, your Honor.

24             THE COURT:  You have told me in your letter you don't

25   think that a settlement conference would make any sense at this

M8I8TRIC

1   point.  When I see you on November 3rd, I will raise the issue

2   again, whether there is any opportunity to settle the case.

3            Anything else on behalf of plaintiff?

4            MR. MINHAS:  Nothing further on behalf of plaintiff.

5            THE COURT:  Anything else on behalf of defendants?

6            MS. LEE:  No, your Honor.

7            Will the other dates in the letter change based on the

8   change of the fact discovery cutoff?

9            THE COURT:  There will be required modifications

10  because my date is different than your date.  So we will make

11  all of those adjustments.

12           MS. LEE:  OK.  The big one was on paragraph 10,

13  post-discovery dispositive motions.

14           THE COURT:  Exactly.

15           MS. LEE:  Thank you, your Honor.

16           THE COURT:  Thank you both.  Have a good day.

17           (Adjourned)

18

19

20

21

22

23

24

25