

# John G. Balestriere

BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-212-374-5401
F: +1-212-208-2613
john.balestriere@balestrierefariello.com
www.balestrierefariello.com

February 21, 2023

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:   *James v. Port Authority Police Department, et al.*,
              Case No. 1:22-cv-02463-PGG

Judge Gardephe:

      Pursuant to Federal Rule of Civil Procedure 45 and the Court's Standing Orders, Plaintiff Trion James ("Plaintiff" or "James") and Defendants The Port Authority of New York and New Jersey (the "Port Authority"), Edward Cetnar ("Cetnar") and Christopher McNerney ("McNerney" and collectively with the Port Authority and Cetnar, "Defendants")[1] through their attorneys, submit this letter, jointly composed, setting forth their respective positions concerning the scope of medical information to be provided by Dr. Marina Galea, one of Plaintiff's therapists, to Defendants pursuant to a duly-executed HIPAA release (and a subsequent subpoena seeking same). By this letter, Plaintiff's counsel writes to respectfully request that the Court limit the content of Plaintiff's medical records from Dr. Galea. Conversely, Defendants believe the issue of Plaintiff's medical records was resolved by the Court at the prior status conference held on February 2, 2023, and respectfully request that Plaintiff's application be denied.

*Plaintiff's Position*

      On December 14, 2022, Plaintiff provided a HIPAA disclosure for medical records from his therapist Dr. Marina Galea. Following further discussions and in advance of Dr. Galea's deposition scheduled for February 24, 2023, on February 17, Plaintiff's counsel wrote to Defendants' counsel to propose a reasonable limitation on the scope of

---

[1] The Port Authority Police Department is not a separate legal entity.



materials from Dr. Galea's files that Defendants could review or use. These would include:

1. Any material showing any medical information from Colleen Tracy James, Plaintiff's ex-wife.

2. Any material showing any information from Trion James concerning Colleen Tracy James.

3. Any material showing medical information prior to December 19, 2019, the date of the "2019 Incident," as described in Plaintiff's First Amended Complaint (Dkt. No. 8), at which Plaintiff was subject to racial and sexual discrimination.

After discussion by phone and email on February 10 and 17, the Parties could not reach agreement, and Plaintiff respectfully requests that the Court restrict Defendants from the use or review of these categories of documents from Dr. Galea's files.

These issues were, despite Defendants' position, not resolved at the past Court conference. There exists no basis to seek discovery into Ms. Tracy James's private medical information, nor is Plaintiff's own private medical information prior to the alleged 2019 incident relevant to any Party's claims or defenses. While Defendants have proposed use of a protective order, that would not address Plaintiffs' concern as it would not prevent the use of such documents, which are harassing and irrelevant, in this action.

*Defendants' Position*

Defendants have been seeking, to no avail, Plaintiff's medical records **since August 18, 2022**, when Defendants first provided Plaintiff with a blank HIPAA Release Form, only hours after the initial conference held in this matter. It was at that conference that Plaintiff's counsel claimed medical records would be provided "by the end of the week." Transcript of Initial Conference, 5:5-7. To date, Defendants have not received any medical information from Dr. Galea, despite the tremendous efforts Defendants have been forced to undertake, including, but not limited to, hiring a private investigator and, more recently, issuing subpoenas to Dr. Galea and Plaintiff's other medical providers.

It was only on January 20, 2023—five months after Defendants' first sought Plaintiff's medical records—that Plaintiff's counsel, John Balestriere, proposed for the first time limiting the scope of Dr. Galea's medical records during a meet-and-confer telephone conference. However, during the call, Plaintiff's counsel did not provide any proposed limitations, and promised to do so at a later time.

Three weeks later (and following the most recent court conference), Plaintiff's counsel emailed seeking, *inter alia*, to discuss limiting the scope of Dr. Galea's medical

records.  Again, counsel did not provide any specific limitations.  Although the issue of Plaintiff's medical records was resolved at the last conference, in the interest of avoiding unnecessary motion practice and mindful of Ms. James' privacy concerns, <u>Defendants offered to make Dr. Galea's medical records subject to the Protective Order in place for the production of documents by the parties.</u>  Plaintiff has not accepted such offer.

Then, in another effort to avoid unnecessary motion practice, Defendants agreed to yet another meet-and-confer telephone meeting regarding this issue with another of Plaintiff's attorneys, Matthew Schmidt, held on February 10, 2023.  It was only after this meeting, in response to an email from me, that Plaintiff's counsel finally consecrated the three proposed limitations, identified above, to which Defendants respond as follows:

> **Response to Proposed Limit #1: Defendants have not sought and are not seeking any medical information from Colleen Tracy James.**  This request is moot. To the extent Ms. James' information is provided by one of Plaintiff's medical provider (and it is unclear why this would happen), it could only be used at trial if the information were somehow relevant to Plaintiff's claims.  However, to avoid Ms. James unnecessary embarrassment, Defendants repeat their offer to make Plaintiff's medical records subject to the Protective Order.
>
> **Response to Proposed Limit #2**: **Plaintiff's request to limit "any information . . . concerning Colleen Tracy James" is overbroad and untenable, and will restrain Defendants from discovering relevant medical information concerning Plaintiff.**  Plaintiff has put his emotional health at issue in this litigation. Notably, Plaintiff's marriage and divorce coincide with much of the timeframe alleged in the Amended Complaint.  Consequently, any of Plaintiff's medical records that address his ex-wife may have a direct bearing on the emotional damages sought herein.  Defendants must be allowed to fully investigate the underlying cause of Plaintiff's emotional damages.
>
> **Response to Proposed Limit #3: There is no good faith reason to limit Plaintiff's medical information to 2019 when (a) Plaintiff is alleging a decade-long hostile work environment and (b) Plaintiff has admitted that Plaintiff has been suffering major emotional issues <u>his entire life</u>.**  *See* Tr. of T. James Depo., Dec. 7, 2022, 201:12-19 ("[Dr. Galea] actually said it started when I was *in utero* . . . She said it started in utero, my childhood had part to do with it, and the Marine Corp had a part to do with it. And being a police officer had a part to do with it.") Further, Plaintiff alleges in the Amended Complaint that the "hostile work environment" began "[a]s early as 2009" when he inserted himself into a physical altercation involving McNerney, *see* Am. Compl. ¶¶ 15-20.



As the Court explained at the prior conference:

> "[I]t will be difficult for me to permit your emotional distress claim to go forward because defendant is being denied discovery. So you and your client have a direct interest in making sure that defense counsel gets the relevant documents and testimony that it needs in order to explore this issue of whether plaintiff's mental health issues, emotional distress issues are related to the alleged discrimination he suffered or, in fact, relate to other events in his life <u>up to and including the last comment that counsel made, which was that he suffers from post-traumatic stress disorder as a result of some experience he suffered in the military</u>.

Tr. of Status Conf., Feb. 2, 2023, ¶¶8:1-11.

Accordingly, there is no good faith reason for limiting Plaintiff's medical records to 2019, or any timeframe, unless Plaintiff is willing dismiss the claim for emotional damages.

Respectfully submitted,

| | |
|---|---|
| THE PORT AUTHORITY LAW DEPARTMENT<br>Attorneys for Defendants | BALESTRIERE FARIELLO<br>Attorneys for Plaintiff |
| By: /s/ Andrew K. Rafalaf<br>Andrew K. Rafalaf<br>4 World Trade Center<br>150 Greenwich Street, 24th Floor<br>New York, New York 10007<br>T: (212) 435-3488<br>arafalaf@panynj.gov | By: /s/ John G. Balestriere<br>John Balestriere<br>225 Broadway, 29th Floor<br>New York, New York 10007<br>T: (212) 374-5401<br>john.balestriere@balestrierefariello.com |