*Trion James v. Port Authority Police Department, Port Authority of New York and New Jersey, Edward Cetnar (in his official capacity), Christopher McNerney (in his official capacity), and Does 1-5*
*Civil No.: 1:22-cv-02463-PGG*

# EXHIBIT I

MEMORANDUM OF AGREEMENT

JANUARY 21, 2010 – JULY 20, 2022

between

# THE PORT AUTHORITY OF NY& NJ

and

# THE PORT AUTHORITY
# POLICE BENEVOLENT ASSOCIATION, INC.

*Paul Nunziato*
President

reasons for his not being selected for the training or the special detail by the party making the decision.

3. The modification referred to in Paragraph 1 of this Section is as follows:

   a. Any Police Officer who leaves the employ of the Port Authority for any reason, and is thereafter reemployed as a Police Officer, shall have his Police Officer seniority based solely on the amount of his Port Authority service as a Police Officer from the date of such reemployment. Nothing herein shall be deemed or construed to confirm or create any right of any such person to such reemployment. For purposes of this Paragraph 4.a. only, an individual on a leave of absence pursuant to Section XXVI of this Memorandum of Agreement shall not be deemed or construed to have left the employ of the Port Authority.

## XXVIII. Discipline

1. During the term of this Memorandum of Agreement and except as modified herein, the Port Authority's rules governing the conduct of disciplinary investigations shall be as set forth in PDI 3-5 revised January, 1970 and further revised with the agreement of the Association as PDI 2-6 dated July, 1980 and, except as modified herein, the disciplinary procedure applicable to Police Officers shall be as set forth in PAI 20-1.10 revised September 30, 1970.

2. The modifications referred to in Paragraph 1 of this Section are as follows:

   a) No employee shall be required, ordered, or requested to submit to pathometer, polygraph or other lie detector tests.

   b) If in the course of an interview between a supervisor and a Police Officer it appears that the matter under discussion may result in disciplinary action against the Police Officer, he shall have the right to have his Association representative present before the interview proceeds.

   c) Disciplinary charges must be filed no more than one year after the Port Authority knows of the alleged commission of the offense charged. A copy of the disciplinary charges must be transmitted to the Office of the Association, addressed to the President of the Association, by registered mail, return receipt requested, and the date of registration shall constitute the date of filing.

   d) A disciplinary charge of repeated violations of Port Authority rules and regulations may only be based on prior discipline having been imposed.

   e)     (i) The compulsory leave without pay maximum penalty which may be imposed pursuant to a hearing in accordance with Paragraph XI of Document H annexed to this Memorandum of Agreement as amended by this Section XXVIII shall be ten

38

(10) consecutive calendar days in place of the prior maximum three day penalty. Any lesser compulsory leave without pay penalty imposed must be imposed in consecutive calendar days. The change from three (3) days to ten (10) consecutive calendar days shall apply only to events, which occur after April 27, 1988.

(ii) The compulsory leave without pay maximum penalty which may be imposed pursuant to a hearing in accordance with Step Two of Appendix G annexed to this Memorandum of Agreement shall be ten (10) consecutive days. Any lesser compulsory leave without pay penalty imposed must be imposed in consecutive calendar days.

f) With respect to disciplinary charges filed on or after May 7, 1998:

(i) Paragraphs X and XI of Document H annexed to this Memorandum of Agreement shall not be applicable to such disciplinary charges, and all references in Paragraphs V A and B of Document H to said Paragraphs X and XI and to hearings thereunder shall not be applicable to such disciplinary charges.

(ii) Paragraphs IX E(3) and (4) of Document H annexed to this Memorandum of Agreement shall not be applicable to such disciplinary charges and in lieu of IX E(3) and (4) the following shall be substituted:

3. In the event that he is of the opinion that any disciplinary action enumerated in Paragraph V A hereof, as amended by Section XXVIII of this Memorandum of Agreement is to be sought, he shall submit the charges directly to Step Two Appendix "G" annexed to this Memorandum of Agreement for handling as provided therein for charges seeking such disciplinary action.

4. In the event that he is of the opinion that any disciplinary action enumerated in Paragraph V B hereof, as amended by Section XXVIII of this Memorandum of Agreement is to be sought, he shall submit the charges directly to Step Two of Appendix "G" annexed to this Memorandum of Agreement for handling as provided therein for charges seeking such disciplinary action.

(iii) Such disciplinary charges may be served either personally or by registered mail at the last known address of the Police Officer on file with the Port Authority.

(iv) Except as provided in Appendix "M" annexed to this Memorandum of Agreement, the only disciplinary hearing of any kind to which Police Officers are entitled in connection with such disciplinary charges which seek any disciplinary action enumerated in Paragraph V B of Document H annexed hereto as amended by this Section XXVIII shall be that provided for at Step Two of Appendix "G" annexed to this Memorandum of Agreement, and the only disciplinary hearing of any kind to which Police Officers are entitled in connection with such disciplinary charges which seek any disciplinary action enumerated in Paragraph V A of

39

Document H annexed hereto as amended by this Section XXVIII shall be that provided for at Step Three of Appendix "G" annexed to this Memorandum of Agreement.

g)     The Port Authority shall provide upon request by the charged Police Officer or his representative prior to the disciplinary hearing copies of the evidence it intends to present at the hearing, including statements, photographs, recordings and other writings made in the normal course of business but excluding attorney work product. The Port Authority shall provide such discovery no later than twenty-eight days prior to the scheduled hearing date or within ten days of receipt of the request, whichever is later. Failure to provide such discovery by such date shall be a basis for adjournment in the discretion of the person(s) before whom such hearing is to be held, provided that if such discovery is provided within fourteen days of the hearing date it shall be an automatic basis for adjournment if requested.

h)     Superintendent's Suspension
       i)     In addition to current suspension rights, the Superintendent may fully suspend (without pay) for up to 30 calendar days for fitness for duty/drug/alcohol/ protection order/ gross insubordination.

       ii)     Upon completion of the suspension period for fitness for duty/drug/alcohol/protection order/gross insubordination, the employee will be reinstated to full pay or administrative suspension.   The employee is not automatically entitled to back pay and missed overtime for the period of the 30 day suspension, however, will be made whole in accordance with the Agreement if the employee is found not guilty or awarded a lesser penalty by an arbitrator or executes a settlement waiver for a lesser penalty than that imposed unilaterally by the Superintendent.

       iii)     A police officer suspended without pay pursuant to this section shall be entitled to the presentation of charges and specifications, a disciplinary hearing, and all other consistent remedies in accordance with this Agreement.  If the Port Authority chooses not to charge the employee, the employee will be made whole for the period of the suspension without pay..

j)     If a Police Officer is administratively suspended, disciplinary charges must be filed against the Police Officer no later than one hundred and twenty days after the first day of that suspension to continue him on administrative suspension.  If the disciplinary charges are not filed within that period, the Police Officer shall be removed from administrative suspension no later than the end of the one hundred and twenty day period and he shall receive payment with respect to the period of his administrative suspension in an amount based upon an estimate of missed opportunities to earn overtime during his administrative suspension.  The estimate shall be determined as provided in the next paragraph.

k)      A Police Officer against whom disciplinary charges have been filed who has been administratively suspended but who has not been dismissed from employment shall receive payment of an amount based on an estimate of his missed opportunities to earn overtime during that administrative suspension. The estimate shall be determined as follows:

First, an initial estimate shall be determined by use of the following formula:

$$\frac{a}{b} = \frac{c}{d}$$

where "a" is the average overtime earned per pay period by the suspended Police Officer during the seventy-eight (or the actual number if less than seventy-eight) pay periods immediately prior to the pay period during which his suspension commenced;

"b" is the average overtime earned per pay period per Police Officer during those seventy-eight (or the actual number if less than seventy-eight) pay periods at the Police Command to which the suspended Police Officer was assigned during that period. If the Police Officer was assigned to more than one Police Command during that period, then the average overtime for the period shall be determined by using average overtime earned per Police Officer at each Police Command to which the Police Officer was assigned during that period for the pay periods he was assigned to that Police Command;

"c" is the initial estimate of the Police Officer's missed overtime earned per pay period to be determined, and

"d" is the average overtime earned per pay period per Police Officer at the Police Command to which the suspended Police Officer is assigned during the same pay periods of the Police Officer's administrative suspension.

Upon determination of "c", that amount shall be multiplied by the number of pay periods that the Police Officer was on administrative suspension, provided that any pay period during that suspension in which the Police Officer was absent due to sickness or injury incurred in the line of duty on at least half of his scheduled work days shall not be used in that multiplication. Then, from that amount shall be subtracted all overtime, if any, earned by the Police Officer during the suspension. The resulting balance shall be paid to the Police Officer as and for missed overtime.

l)      If a Police Officer who is suspended without pay is changed to administrative suspension or returned to full duty he shall receive payment of his full pay for the period during which he was suspended without pay except payment for missed overtime opportunities. If such Police Officer is not dismissed from employment

the calculation of missed overtime opportunities shall be made in accordance with the method set forth in paragraph k (ii), above, except that the period of suspension shall include the period during which the Police Officer was suspended without pay.

m)   A Police Officer charged in a disciplinary proceeding shall not be permitted to take personal leave on a day for which a hearing in that disciplinary proceeding is scheduled, provided, however, if the person(s) before whom such hearing is to be held grants an adjournment of the hearing scheduled for a particular day, personal leave may be taken on that day.

n)   The following shall be substituted for and implemented in lieu of Rule 4 in Document G of this Memorandum of Agreement:

**Rule 4.**   Warnings required in cases of Criminal Investigation or Criminal charges against employee.

If an employee is under arrest, or is a subject of a criminal investigation, or there is a substantial likelihood that criminal charges against the employee may result from the investigation, he shall be given a written statement as to the alleged criminal matter(s) under investigation and he shall be warned of his rights as follows:

"I wish to advise you that you are being questioned as part of an official investigation by the Port Authority Police.  You will be asked questions specifically directed and narrowly related to the performance of your official duties with respect to the alleged criminal matter(s) under investigation.  You are entitled to all the rights and privileges guaranteed by the laws of the State of New York or New Jersey, the constitutions of these states and the Constitution of the United States, including the right not to be compelled to incriminate yourself and the right to have legal counsel present at each and every stage of this investigation.

I further wish to advise you that if you refuse to testify or to answer questions relating to the performance of your official duties with respect to the alleged criminal matter(s) under investigation, you will be subject to Port Authority disciplinary charges which could result in your dismissal from the Port Authority.  You have use immunity, that is, if you do answer, neither your statements nor any information or evidence which is gained by reason of such statements may be received in evidence against you in any subsequent criminal proceeding.  However, these statements can be used against you in relation to subsequent Port Authority disciplinary charges."

If the employee will be asked questions related to his official duties performed in the State of New Jersey, the Port Authority will obtain a written grant of use immunity with respect thereto from a county prosecutor having jurisdiction prior to asking those questions, and the written grant of use immunity will be shown to the employee.

o)   **Rule 3.**   Clarification of Application of PDI 2-6, Rule 3 and General Rule and Regulation Section 9, Rule 3 to interviews of witnesses, in accordance with Doc.

R, annexed hereto. The notice and time off provisions applicable to waivers as set forth in the resolution of IP-88-24, annexed hereto as Doc. S, shall apply equally to all Rule 3 interviews. Effective January 1, 2019, the notice and time off provisions for representatives applicable to Rule 3 interviews (target interviews) shall apply equally to all interviews of witness police officers. Effective January 1, 2019, the Rule 3 warning shall be modified to read as follows:

All employees must cooperate in any authorized investigation of any act, omission or occurrence in or upon Port Authority property, (including but not limited to misconduct, accidents, crimes, and the like), provided, however, that this rule shall not require any employee to give evidence against himself in connection with the investigation of an alleged act of misconduct on his part unless s/he is given the opportunity to have a union representative present and the Port Authority informs the employee whether he or she is the target of the investigation prior to questioning the employee, provided that an interview of the employee must take place with reasonable promptness, and may not be unreasonably delayed by the asserted unavailability of the union representative.

The union representative attending to such an interview of a target or witness shall be released pursuant to the current provisions of the collective bargaining agreement. A witness will be entitled to a representative and the witness's representative will be released in the same manner as provided to targets currently.

p)      Individuals whose employment as Police Officers (Job Specification No. 2600) commenced after September 1, 1993, shall not be permanent classified employees until they have completed twelve months of service as Police Officers with the Port Authority after the date of their graduation from a Port Authority authorized Police Academy.

3.      Prior to the date of execution of this Memorandum of Agreement, the disciplinary standards and penalties with respect to Repeated and Excessive Absence shall be as set forth in Appendix "L", annexed to the July 21, 1991 - January 20, 1996 Memorandum of Agreement between the Port Authority and the Association. Effective on the date of execution of this Memorandum of Agreement, the disciplinary standards and penalties with respect to Repeated and Excessive Absence shall be as set forth in Appendix "L", annexed hereto.

4.      Counseling of Police Officers does not constitute discipline.

5.      Any waiver of a disciplinary hearing for minor disciplinary charges as defined in Document H, paragraph V.B., as amended by Section XXVIII of the Memorandum of Agreement executed by a Police Officer will be deemed null and void and expunged from the Police Officer's personnel files two (2) years after the execution thereof, provided the following conditions are satisfied:

a.      The waiver was executed prior to the date the matter was to be heard before a Board of Inquiry; and

43

b.    The Police Officer has not been served with Charges and Specifications and/or Notice of Pending Charges in the two (2) years following the execution of the waiver.

Assuming the aforesaid conditions are satisfied, the Police Officer shall submit a request for expungement in writing addressed to the Superintendent of Police and his Commanding Officer identifying the waiver to be removed. All qualifying waivers will be removed within thirty (30) working days of the date that the Police Officer submitted the expungement request.

## XXIX.  Job Duties and Responsibilities

1) During the term of this Memorandum of Agreement, no Police Officer shall, except in emergencies, be required on a recurring basis to perform duties not contained in Job Specification No. 2600 dated September, 1976, and further revised with the agreement of the Association and dated November, 1983, and further revised with the agreement of the Association and dated June, 2004, annexed hereto.

## XXX.  Transfer of Unit Work

1.    Subject to other provisions herein, and except as otherwise set forth in this Agreement, during the term of this Agreement, there will be no further or additional transfer and/or reassignment of unit work currently and heretofore performed by unit employees without negotiation and all other unit work currently and heretofore performed by Police Officers shall be maintained.

2.    The Association has previously negotiated and agreed to the transfer and/or reassignment of unit work, as set forth below, to personnel not in the negotiating unit at the following facilities:

a.   20 Positions - 4 posts - Desk Police Officer at S.I.B., H.T., L.T., and G.W.B.

b.   16 Positions - 4 posts - J.F.K. parking lot 7 and 8, and L.A.G. parking lot 5E and public parking lot 2

c.   6 positions - 2 posts - JF.K., L.A.G., N.I.A. Bird Control.

d.   2 positions - 2 posts - H.T. School Crossing Posts 57 & 59.L

e.   2 positions - 2 posts - Administrative Officer - I.U. in Police Division and Crime Data Input Operator in Police Division.

f.   1 position - Police Division (Police Headquarters) Budget and Timekeeping Police Officer

g.   1 position - Police Division (Police Headquarters) Manpower Planning

## DOCUMENT H

**Change to notices 74, 87, 96 and 99 incorporated herein.**

**Office of the Executive Director**
**The Port of New York Authority**

**PAI 20-1.10**
**Revised September 30, 1970**

---

### DISCIPLINARY PROCEEDINGS
### PERMANENT CLASSIFIED EMPLOYEES

---

I.  Introduction

    A.  This instruction shall apply to permanent classified employees as defined in PAI 20-1.01.

    B.  No disciplinary action shall be taken against any permanent classified employee except for good and sufficient cause or reason, and except in accordance with this instruction.

    C.  This procedure does not apply to any disciplinary proceeding which originated prior to the effective date of this procedure.

II.  Grounds for Dismissal, Transfer, Demotion of Permanent Employees

    The following are examples of good and sufficient cause or reason for the dismissal, transfer or demotion of a permanent employee:  Substantial or repeated neglect or failure of the employee properly to perform his duties; substantial or repeated violation of rules and regulations; conduct seriously prejudicial to the Port Authority or the public interest.

III.  Types of Disciplinary Action

    A.  The following measures, when taken for disciplinary purposes, constitute disciplinary action within the meaning of this procedure.  No other types of disciplinary action are authorized.

        1.  Dismissal from employment, including compulsory retirement.

        2.  Demotion (in the case of employees other than members of the police force holding the position of Police Officer or Police Sergeant) to a grade or title having a lower rate of pay.

        3.  Transfer to a grade or title having a different type of duties or responsibilities.

4.   Temporary Reduction of Pay, but only in the case of Traffic Officers and Traffic Sergeants.

5.   Compulsory Leave of Absence Without Pay not to exceed 60 days for any and all offenses charged in connection with any one transaction.

6.   Reduction in Seniority in cases where seniority lists affecting rights or privileges have been or are hereafter established.

7.   Official Reprimand, officially noted upon the employee's record in the Office of the Personnel Director (or Official Demerits, if a demerit system is established).

8.   Forfeiture of Vacation Privileges.

9.   Minor Discipline, such as forfeiture of pass, holiday or days off privileges, informal reprimands[*] and other appropriate minor disciplinary measures which do not affect the employee's grade, title, pay or seniority.

B.   The dismissal, demotion, transfer or compulsory retirement of an employee because of mental or physical incapacity substantially impairing his ability to perform his duties, or because he has reached mandatory retirement age or because a reorganization of the Port Authority or one of its facilities, properties, departments or divisions, or any other administrative action affecting the position, status, pay or privileges of an employee, not taken for disciplinary purposes, is riot considered to be disciplinary action and does not come within the scope of this procedure. Provision, however, has been made for a hearing at the request of the employee concerned, whenever the dismissal, demotion, transfer or compulsory retirement of a permanent employee is contemplated on the ground of mental or physical incapacity. (See PAI 20-1. 09)

IV.   Temporary Reduction in Pay

A.   As noted above an employee may be disciplined by a temporary reduction in pay, not to exceed one month's pay for any one offense. Such a temporary reduction in pay shall be deducted from each pay check until the entire amount of the temporary reduction has been deducted, but in no case shall the total amount of such deduction from any one pay check (on account of all offenses) exceed ten percent (10%) of the employee's salary or pay (before deductions) for the period covered by the pay

---

[*] For Building Trades Union and Union of Automotive Technicians Covered Classes only.

If a letter of reprimand (informal reprimand) has not been used as a basis for 5/12/71 disciplinary action within one year from the date of such letter, such letter shall be removed from the employee's personnel folder, unless during such period related reprimands have been placed in the employee's folder in which event such letter of reprimand shall remain in the employee's folder for the one year period commencing with the date of the most recent letter of reprimand. All letters of reprimand must either be initialled by the employee or, if such employee refuses to so Initial, such refusal shall be duly noted.

CN-7
5/12/71

check. These deductions will be transferred to the Employees Welfare Fund Committee for use in promoting the welfare and morale of employees.

V.   Hearings and Disciplinary Procedures

A.   Where Hearings in Accordance with Paragraph X are Required

The following types of disciplinary action shall not be taken with respect to any permanent employee having a classified position except pursuant to written charges, and a hearing before a Port Authority Trial Board in accordance with Par. X of this instruction (unless the employee waives the filing of such charges or the holding of such hearing):

(1)   Dismissal; (2) demotion; (3) transfer; (4) temporary reduction in pay in an amount greater (for all offenses charged in connection with any one transaction) than the equivalent of three days' pay; (five days' pay for _____ classes); (5) compulsory leave of absence without pay for a period longer (for all offenses charged in connection with any one transaction) than three days (five days for TWU classes); (6) loss of seniority; (7) forfeiture of more than three days' vacation (five days' vacation for TWU classes) (for all offenses charged in connection with any one transaction).

CN §
1/9/7

B.   When Hearings in Accordance with Paragraph XI are Required (Not applicable to Transport Workers Union classes.)

The following types of disciplinary action shall not be taken with respect to any permanent employee having a classified position except pursuant to written charges, and a hearing before a Departmental Trial Board in accordance with Par. XI of this instruction (unless the employee waives the filing of such charges or the holding of such hearing):

(1)   Temporary reduction in pay in amount (for all offenses charged in connection with any one transaction) equivalent to three days' pay or less; (2) compulsory leave of absence without pay for a period (for all offenses charged in connection with any one transaction) of three days or less; (3) official reprimand; (4) forfeiture of vacation (but not more than three days for all offenses charged in connection with any one transaction, and not more than six days in the aggregate during any one calendar year for all offenses); (5) official demerit.

Provided, that such types of disciplinary action may also be taken pursuant to written charges and a hearing before a Port Authority Trial Board in accordance with Par. X of this instruction.

C.   Where Disciplinary Procedures in Accordance with Paragraph XII are Required

Where an employee has a position in one of the TWU classes and the penalty for all offenses charged in connection with one violation will be no greater than the

286

equivalent of five days' pay, any authorized type of disciplinary action shall be taken in accordance with Paragraph XII hereof.

CN 99
1/9/74

D.      Where Hearings Are Not Required

Any authorized type of disciplinary action may be taken against a temporary employee without the filing of charges or a hearing; and any authorized type of disciplinary action, other than those specified in sub paragraphs V. A, B, and C, above, may be taken against permanent employees without formal charges or a hearing.

(NOTE: For definitions of temporary and permanent employees, see PAI 20-1.01.)

VI.     Repeated Offenses

Disciplinary action may be taken against an employee for repeated violation of rules and regulations or repeated neglect or failure to perform his duties or other repeated conduct warranting disciplinary action, even though disciplinary action has previously been taken separately with respect to some or all of the series of transactions upon which such charges are based; but only if such repeated conduct is charged as a separate offense. In any such case, the entire series of transactions upon which the charge is based shall be deemed to be one transaction within the meaning of paragraphs V. A, B, and C; but in any other case, the provisions of paragraphs V. A, B, and C relating to "any one transaction" shall be deemed to refer to each transaction separately.

VII.    Waiver of Rights, Resignations Pending Disciplinary Proceedings

A.      An employee may waive his right to have charges filed and may waive his right to a hearing, and may do so either before or after the hearing has commenced. All such waivers must be in writing.

In addition, the failure to appear at a hearing after notice shall constitute a waiver of such hearing unless the Board or person before whom such hearing is held shall find such failure excusable.

B.      An employee may resign at any time, and in that event any disciplinary proceedings against the employee shall terminate, but unless the charges are dropped or withdrawn, the charges shall be filed with his record and entry made in his record "Resigned under charges pending trial."

Whenever an employee resigns after a temporary reduction in pay takes effect, the aggregate deduction from his final pay check shall not exceed 10% of his salary or pay (before deduction) for the period covered by such pay check.

VIII.   Temporary Suspensions Without Pay

A.      Any employee may be temporarily suspended without pay pending the preparation of charges and the completion of disciplinary proceedings (but not for more than

287

two weeks without the approval of the Executive Director); and such temporary suspension shall not be deemed to constitute disciplinary action unless the charges are thereafter sustained.

B. If the charges are sustained and if as a result one or another of the following types of disciplinary action is taken, such disciplinary action shall be effective as of the day upon which the employee was suspended: dismissal; demotion; transfer; temporary reduction of pay; compulsory leave of absence without pay.

C. Except as provided above the employee shall be restored to duty upon the completion of the disciplinary proceedings, and shall then receive his full pay for the period during which he was temporarily suspended, whether or not the charges against him were sustained; provided, that the employee may be restored to duty prior to the completion of the disciplinary proceedings, in which event, he shall receive full pay for the period of his temporary suspension.

D. Nothing contained in this instruction shall be deemed to prevent suspending employees with pay, whether pending the preparation of charges and the completion of disciplinary proceedings or for other administrative purposes.

IX. Filing and Preliminary Investigation of Charges

A. Form of Charges

Charges shall be in writing, and each charge shall be a brief formal statement of the alleged offense. In the event that an employee is charged with more than one offense, he shall be separately charged with each offense and each charge shall be separately numbered. Each charge of an alleged offense shall be separately supported by one or more specifications (summary statement of facts supporting the charge). Each specification standing alone should be sufficient to sustain the charge of the alleged offense if proven.

Charge 1. Repeated violation of rules and regulations of The Port of New York Authority.

Specification 1. In that said employee failed to appear at outgoing roll call on the 13th, 15th, 17th, 24th and 27th days of January, 1969, in violation of Rule 6 of "General Rules and Regulations for all Port Authority Employees," which provides that "Employees shall be punctual at all times."

B. Signature of Charges

Charges shall be signed by the complainant, who need not be an officer, employee or agent, or otherwise connected with The Port of New York Authority.

C.     Filing Charges

Whenever a charge is made by a Port Authority employee it shall be transmitted through channels to his department head. Whenever a charge is made by a person not connected with the Port Authority, it shall be transmitted through channels to the department head of the employee sought to be disciplined.

D.     Time Limitation

Charges filed with a department head more than two years after the alleged commission of the offense charged, shall be void.

E.     Action by Department Head

Upon receipt of charges and after such preliminary investigation as he deems necessary, the department head shall either:

1.     Return the charges to the complainant for correction in the event that they do not conform to the requirements of paragraph IX. A hereof; or

2.     Direct that the charges be dropped; but in case the complainant is not a member of his department, only with the approval of the Executive Director; or

3.     In the event that he is of the opinion that a hearing pursuant to Par. X of this instruction is desirable — forward the charges (through the Personnel Director) to the Executive Director for action; or

4.     In case the charges are against a member of his department holding a classified position, refer the charges to a Departmental Trial Board for hearing in accordance with Par. X; or

5.     In case the charges are against a member of his department, take any appropriate disciplinary action which is authorized by this procedure to be taken without a formal hearing; or

6.     In case the employee against whom charges are made is a member of another department, refer the charges to the head of such other department, who thereupon shall take one or another of the types of action specified above.

X.     Hearings Before a Port Authority Trial Board

A.     Reviewing Officer

In all cases where hearings are required or authorized to be held pursuant to this paragraph, the Reviewing Officer shall be the Executive Director of the Port Authority.

289

B.   Preliminary Action by Reviewing Officer

The Reviewing Officer shall, after such further investigation as he deems necessary either

1.   Direct that the charges be dropped; or

2.   Refer the charges to a Port Authority Trial Board for hearing; or

3.   Return the charges to the department head either for a departmental hearing pursuant to Par. XI or for such disciplinary action as is authorized by this procedure to be taken without formal hearing.

In any case, the Reviewing Officer will return the charges to the Personnel Director for disposition in accordance with his directions.

C.   Makeup of Port Authority Trial Board

1.   The Port Authority Trial Board shall be appointed by the Reviewing Officer who shall designate one of its members to act as Presiding Officer, and the Board may be appointed to hear one or more cases. The membership of the Board shall consist of not less than three members, including, if practicable, a department or division head or other supervising employee generally familiar with the functions of the employee against whom the charges have been made.

2.   The Personnel Director shall notify the members of the Trial Board of their appointment.

3.   In the event that a member of the Trial Board is unable to be present at all or part of the hearing or hearings of any one case (because of illness or otherwise) the remaining member's of the Trial Board may continue to function without the absentee member. The absentee member shall not vote or have any voice in the proceeding. In the alternate, if a member of the Board absents himself after the hearing or hearings in any one case have commenced. The Reviewing Officer may in his discretion designate a new member to take the place of the absentee, but in that event the new Trial Board as then constituted shall hear the entire testimony from the beginning as though no testimony had already been taken.

D.   Functions of Trial Board

1.   It shall be the function of the Trial Board to determine the truth or falsity of the charge; and if in the opinion of a majority of the Trial Board the charge is sustained, to recommend appropriate disciplinary action. The Trial Board shall proceed promptly with a hearing, and shall receive testimony and evidence offered by the employee and the complainant, and in addition shall summon witnesses and require the production of records and other data it

290

deems appropriate to the hearing of the charges and the determination of the discipline.

2.     The Trial Board shall not make any investigations except for the purpose of determining whether there is pertinent testimony or evidence which has not been produced, and any witnesses or evidence produced at the request of the Trial Board shall be presented at the hearing.

E.     Docket Entries

The Personnel Director shall enter in a special docket the name of the employee against whom the action is sought, the name of the complainant, the name of the person who endorsed the charges and any other data with respect to the proceedings. as, for example, the date upon which the charges were served upon the employee, the date set for hearing and any adjournments, whether the right to file briefs was requested and the date fixed for such filing, the findings of the Trial Board, etc. Each case shall be numbered consecutively.

G.     Service of Charges and Notice of Hearing

When charges are returned to the Personnel Director approved by the Reviewing Officer for a hearing, he shall have a copy of the charges and specifications served upon the employee and direct him to appear for a hearing. The charges, and/or notice of hearing may be served either personally or by registered mail at the last known address of the employee on file with the Port Authority, but shall be served by registered mail only with the approval of the Executive Director. The Personnel Director shall fix a date for the hearing which shall not be less than five days from the date of service of the charges or notice of hearing, whichever is later. In calculating the five days, the date of service of the charges or notice of hearing (whichever is later) shall be deemed to be (a) the date on which said charges or notice were personally served, if service was made, or (1) the second day following the date on which the charges of notice were mailed, if service is by registered mail. In either event the day on which service is made as so determined, and the day of the hearing and any intervening Sunday or legal holidays shall be excluded in determining whether the employee has had five days' notice of hearing. The office of Personnel Director shall also notify the Trial Board and the complainant of the date of the hearing.

In determining whether the employee has had five days notice of hearing, the following shall be deemed to be legal holidays: New Year's Day, Lincoln's Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Election Day (the first Tuesday after the first Monday of November), Veteran's Day, Thanksgiving Day and Christmas, and in the event any of these days falls upon a Sunday, the following Monday.

G.    Conduct of Hearings

    1.    Except as otherwise provided herein, or unless otherwise modified, the procedure at and conduct of such hearings and all incidental proceedings shall be determined by the Trial Board, but in any event:

        a.    hearings shall be conducted informally;

        b.    the employee may appear in person or by an authorized representative; and the employee and his representative may produce, examine or cross-examine witnesses, submit other evidence, make oral arguments and submit memoranda or other written statements;

        c.    a stenographic record shall be kept of all hearings and it shall be available for inspection by the employee or his representative during ordinary business hours of the Port Authority for twelve (12) months after the completion of the hearing;

        d.    except as provided in paragraphs VI and XI, no evidence of prior misdeeds or offenses other than those charged shall be received or inquired into.

    2.    The Trial Board may in its discretion allow the charges and specifications to be amended to conform to the proof adduced at the hearing provided it grants an adjournment of the hearing as provided in paragraph X, H hereof.

    3.    The Trial Board shall call and examine such witnesses as it deems necessary or appropriate.

    4.    In general, the order of procedure at the hearing shall be as follows, but the Trial Board may vary the order of procedure in its discretion:

First: The charges and specifications shall be read, and the employee or his representative shall be requested to state summarily his position with respect thereto.

Second: The testimony (sworn or unsworn) and other evidence in support of the charges shall be received. Each witness in support of the charges shall be subject first to direct examination by the Trial Board (and if the charges are preferred by a member of the Port Authority staff, by ouch member or his representative) and then to cross-examination by the employee or his representative, and thereafter to such redirect or recross examination as may be necessary.

Third: The testimony (sworn or unsworn) and other evidence for the employee shall then be received. Each witness for the employee shall be

subject first to direct examination by the employee or his representative, and then to a cross-examination by the Trial Board (and if the charges were preferred by a member of the Port Authority staff, by such member as his representative) and thereafter to such further redirect or recross examination as may be necessary.

Fourth: The testimony and evidence in the nature of rebuttal and rebuttal shall then be received in that order.

Fifth: In cases where charges are preferred by a member of the Port Authority staff, such member or his representative shall be permitted to make a statement summarizing the testimony and evidence and making recommendations with regard to disciplinary action.

Sixth: The employee or his representative shall be permitted to make a statement summarizing the evidence, and to present any pertinent oral arguments.

Seventh: In lien of or in addition to oral statements and arguments, the Trial Board may receive, written memoranda or briefs in support of the charges or in favor of the employee.

H.    Adjournments and Postponements

The employee shall be entitled to one 10-day postponement of the hearing. He shall also be entitled to an adjournment of the hearing once, if the proof offered at the hearing is at variance, in any material respects, with the specifications as set forth in the charges and specifications. The Presiding Officer may grant any other adjournments which he in his discretion deems desirable.

I.    Findings

As promptly as practicable following the conclusion of a hearing the Trial Board shall make its findings. The findings shall be in writing and shall refer to each separate charge and shall state whether each charge is "sustained" or "not sustained." A majority of the Trial Board must concur in the findings with respect to each charge, and no member of the Trial Board shall be eligible to vote on the findings unless he has been present throughout the hearings and in the case of adjournments. at all sessions. The Trial Board, if it desires, may accompany the findings with opinions in writing explaining the reasons for its findings.

The Trial Board shall make a recommendation for disciplinary action if it finds the charges sustained, and in so doing it may receive and consider the employee's Performance Rating Reports and any records of prior disciplinary proceedings.

J.     Review

At the conclusion of the hearing the findings and recommendation of the Trial Board, and opinion, if any, together with a transcript of the testimony and any briefs which have been filed, shall be promptly forwarded to the Reviewing Officer.

The Reviewing Officer shall review the findings and approve or disapprove them. if he shall disapprove them he may in his discretion return the case to the Trial Board for a new hearing.

The Reviewing Officer shall prescribe the disciplinary action and the recommendation of the Trial Board shall not be binding on the Reviewing Officer. The office of the Personnel Director shall promptly notify all concerned of the disciplinary action directed to be taken by the Reviewing Officer.

In any case where the disciplinary action requires further action by the Operations Committee of The Port of New York Authority, such as discharge or demotion, the same shall not be effective until approved by the Operations Committee.

XI.    Departmental Hearings
(Not Applicable to Transport Workers Union classes.)

A.    Procedures at Departmental Hearings

Whenever a departmental hearing is ordered, the procedure shall as far as practicable conform to the procedure for Port Authority Trial Board hearings outlined in Par. X, with the following exceptions:

1.    The Department Director shall act as the Reviewing Officer.

2.    The Department Director shall designate the Departmental Trial Board, which shall consist of any one or more Port Authority employees appointed from the same department in which the employee sought to be disciplined is employed.

3.    The Departmental Trial Board shall have the charges, specifications and other notices served in the manner prescribed for the service of charges, notices, etc., as provided in Par. X, except that where provision is made for service through the office of the Personnel Director, and/or for maintaining dockets, etc., such provisions shall not be applicable.

4.    At the conclusion of the departmental hearing the Departmental Trial Board must transmit its findings, together with a report and recommendation and a full transcript of the proceedings to the Department Head for final disposition.

5.    The Department Head shall notify the office of the Personnel Director and all others concerned, of the final disposition of the proceeding.

6.   Notwithstanding that charges have been referred to a Departmental Trial Board for a hearing, the Department Head may refer such charges (and any new or additional charges arising out of the same transaction) to the Reviewing Officer specified in Par. X hereof for action, and may do so either before or after the Departmental Trial Board has transmitted its findings and recommendations to the Department Head.

XII.   Disciplinary Procedures for TWU Classes

A.   Conditions

Where TWU classes are concerned, a facility or division manager may administer initial discipline for minor violations of Port Authority rules and regulations, which shall not include sick absenteeism. For all such offenses charged in connection with any one violation, the amount of penalty will be no greater than the equivalent of five days' pay.

B.   Procedure

1.   When a supervisor deems that disciplinary action should be taken in connection with a violation by an employee, he shall notify the employee in writing of the facts upon which such action is based and shall at the same time schedule a meeting with the manager and the employee involved. The employee's representative may attend this meeting.

2.   At the meeting, the manager will interview the supervisor and the employee. The purpose of these interviews will be to permit the manager, the supervisor and the employee to develop pertinent facts, and to permit the evaluation by the manager of the circumstances leading to the alleged violations, and result in the determination by the manager of appropriate action. If additional information is needed, the manager will make arrangements to elicit same, and if necessary, arrange for a subsequent meeting.

3.   Within fifteen days after the interview, the manager shall inform the employee, in person, of the action to be taken and the reasons for this action. A comprehensive written report of the manager's determination and findings will be presented to the employee at this time. Copies of this determination will be. transmitted to the Manager of the Operating Personnel Division and to a representative of Local 1400 of the TWO whether or not the employee being disciplined is a member of the union. If the employee accepts such determination, he will signify his concurrence in writing.

4.   If the employee does not accept such determination, he may appeal the determination to the appropriate Department Director within fifteen days.

Such appeal shall be in writing, setting forth the basis for appeal. and may be in the form of a letter or a memorandum addressed to the Director.

5.     If an employee appeals such determination, the Director or his designee shall review all pertinent data, conducting such interview as he may elect, and render a written determination in the matter to the said employee within fifteen days.

6.     If the employee disagrees with the determination of the Department Director, he may, within fifteen days, appeal to the Personnel Director for final review, said appeal to be in the form of a letter or memorandum addressed to the Personnel Director.

7.     The Personnel Director, acting for the Executive Director, must reply in writing to the aggrieved employee within thirty days. His action will be final. Failure on the part of an employee to make his appeal within the prescribed time limits will result in the acceptance of the recommended discipline. Failure on the part of any management representation to inform the employee of disciplinary action within the prescribed time limits will result in the charges against the employee being waived.

## APPENDIX "G"

### GRIEVANCE-ARBITRATION / DISCIPLINARY PROCEDURE

The informal resolution of differences prior to the initiation of actions under this grievance procedure is encouraged and desired by the Port Authority and the Association. Grievances with respect to the alleged violation of any provision of the Memorandum of Agreement (other than Paragraph one of Section II, Paragraph fourteen of Section XIX, Section XXII and Appendix "J" referred to therein, Section XXX, Section XXXI, the second sentence of Paragraph seven of Section XXXIV, and Section LII) and disciplinary charges shall be processed as follows:

A.   **Definitions**

Pursuant   to   the   Memorandum   of   Agreement   to   which   this   Grievance Arbitration/Disciplinary Procedure (Grievance Procedure) is annexed and for the purpose of this Appendix:

1.   **Grievance**

A complaint limited to the application or interpretation by the Port Authority of any provision of the Memorandum of Agreement (other than Paragraph one of Section II, Paragraph fourteen of Section XIX, Section XXII and Appendix "J" referred to therein, Section XXX, Section XXXI. the second sentence of Paragraph seven of Section XXXIV, and Section LII) which application or interpretation is alleged to constitute a violation of the said Memorandum of Agreement or any provision thereof; provided, however, that, notwithstanding any provision or provisions of the Memorandum of Agreement, the term "grievance" shall not include any complaint or dispute whatsoever concerning unit work irrespective of its nature and source. No complaint or dispute concerning unit work irrespective of its nature and

156

source shall be subject to or processed through this Grievance Procedure or submitted to arbitration but shall be subject to the exclusive jurisdiction of the Port Authority Employment Relations Panel pursuant to Section XXXI of the Memorandum of Agreement.

2.   **Disciplinary Charges and Specifications**

Disciplinary charges and specifications ("disciplinary charge" or "charge") filed on or after the date of execution of this Memorandum of Agreement pursuant to Document H, annexed to the Memorandum of Agreement, as modified by Section XXVIII of the Memorandum of Agreement.

3.   **Working Days**

As used herein, the term "working days" shall mean calendar days exclusive of Saturdays, Sundays and public holidays.

B.   **Procedure**

Grievances and disciplinary charges shall be processed as follows:

1.   **Step One: Initial Processing of Grievance**

A written grievance shall be submitted (via facsimile or otherwise) by the Association on forms to be provided by the Port Authority to the Superintendent of Police or his designee within thirty (30) working days of the commencement of the event which gave rise to the grievance or the date the grievant should reasonably have been expected to become aware of the event which gave rise to the grievance. The Port Authority shall acknowledge receipt of said grievance. Appropriate management and union representatives shall meet informally to discuss and attempt to amicably resolve the matter.

2.     **Step Two: The Board of Inquiry**

**Disciplinary Charges**: A disciplinary charge shall be submitted to the Board of
Inquiry at the time of service of the charge.

**Appeal of Grievances to Board**: If the grievance is denied at Step One, it may be
appealed by the Association. Any such appeal shall be in writing and made within
thirty (30) working days of the Step One denial. The appeal shall be addressed to
a Board of Inquiry, care of the Superintendent of Police or his designee. The Port
Authority shall acknowledge receipt of said appeal. The Board of Inquiry shall
consist of a representative of the Port Authority (who in "minor discipline" under
paragraph "a" below shall be the Superintendent or his designee), the President of
the Association (or his designee), and a neutral party (not an employee of the Port
Authority or the Association) to be selected by the parties pursuant to Paragraph C,
below. The Neutral will serve as the Chairman of the Board of Inquiry.

**Meetings of Board**: The Board of Inquiry will meet at least once a month,
alternatively between Police Headquarters and the PBA Office. The Board of
Inquiry may meet more than once a month, if the Neutral and at least one other
member vote in favor of such meeting. On the date of the meeting, the member
designated by the President of the Association, if the member is an active Police
Officer, will have full time off with all pay and benefits he would have otherwise
earned.

**Proceedings Before Board**: The nature of a proceeding before the Board will
determine the scope and formality to be provided, as set forth below:

158

a.    The Board of Inquiry shall conduct a hearing on any disciplinary charge which indicates that the charge seeks any of the disciplinary actions enumerated in Document H, Paragraph V.B., as amended by Section XXVIII of the Memorandum of Agreement ("minor discipline"). Such hearings shall be held in accordance with the then-effective Voluntary Labor Arbitration Rules of the American Arbitration Association ("AAA"). Specifically, in such cases, the Board of Inquiry shall, by majority vote, have all power to subpoena witnesses and compel the production of documents provided for by applicable law. The parties may, on a case-by-case basis, mutually agree in writing not to have attorneys represent either party or be present at the hearing thereof. Upon the request of either party, Board of Inquiry proceedings on "minor discipline" shall be transcribed.

b.    Grievances and disciplinary charges which indicate that the charge seeks any of the disciplinary actions enumerated in Document H, Paragraph V.A., as amended by Section XXVIII of the Memorandum of Agreement ("major discipline") shall also be brought before the Board of Inquiry. The determination to consider any such disciplinary charge or grievance must be by unanimous vote of the Members of the Board of Inquiry. However, the only hearing of any kind to which Police Officers are entitled on such disciplinary charges shall be that provided for at Step Three (Arbitration) herein. Proceedings before the Board of Inquiry involving grievances or "major discipline" shall be informal, and the Board of Inquiry shall not have

159

subpoena powers in such cases. Nor shall Board of Inquiry proceedings on such cases be transcribed.

**Decisions of Board**: Each member of the Board of Inquiry will have one vote. The decision of the Board of Inquiry may be oral or written. In either event, the decision shall be rendered by the Neutral member of the Board.

Decisions on disciplinary charges seeking "minor discipline" shall be determined by a majority vote of the Board. Such decisions shall be final and binding upon the Port Authority, the Association and the charged employee(s) to the extent permitted by and in accordance with applicable law and the Memorandum of Agreement. The Board of Inquiry may issue Decisions without opinions in "minor discipline" cases, and may hear more than one such case per day.

If unanimous, decisions on matters involving grievances shall be final and binding upon the Port Authority, the Association and the grievant(s) to the extent permitted by and in accordance with applicable law and the Memorandum of Agreement. The Board shall not have the power to add to, subtract from or modify the provisions of the Memorandum of Agreement and shall confine its decision solely to the interpretation and application of the Memorandum of Agreement. The Board shall confine itself to the precise issue or issues presented, and shall have no authority to determine any other issues not so presented to it nor shall it submit observations or declarations of opinion which are not essential in reaching the determination.

160

The Board of Inquiry may only issue recommendations on matters involving "major discipline". Such recommendations shall not be final or binding. Nor shall they be admissible or referred to in any manner in any hearing in that case. The Board may also, by unanimous vote, amend or dismiss such disciplinary charges. The Superintendent of Police or his designee shall have the exclusive right to refer a "major discipline" case to arbitration.

3.   **Step Three: Arbitration**

If the Superintendent of Police or his designee elects to refer a disciplinary charge seeking "major discipline" to arbitration, or if the President of the Association elects to refer a grievance to arbitration, the matter will be referred to an Arbitrator selected pursuant to Paragraph C, below. the moving party must make such reference within thirty (30) working days of the final disposition of the matter by the Board of Inquiry.

a.   The arbitrator shall not have the power to add to, subtract from or modify the provisions of the Memorandum of Agreement and shall confine his decision solely to the interpretation and application of the Memorandum of Agreement. In "major discipline" cases, the Arbitrator shall confine himself to the question whether good and sufficient cause or reason existed to support the imposition of major discipline on the grievant. He shall have no authority to determine any other issues not so presented to him nor shall he submit observations or declarations of opinion which are not essential in reaching the determination.

161

b.  Notwithstanding the limitations placed upon the Board of Inquiry, the Arbitrator shall have those powers which applicable law authorizes arbitrators to exercise to compel the appearance of witnesses or the production of documents.

c.  The decision or award or relief afforded by the arbitrator shall be final and binding upon the Port Authority, the Association, the grievant(s), and/or the charged employee(s) to the extent permitted by and in accordance with applicable law and the Memorandum of Agreement.

d.  All fees and expenses of the arbitrator shall be divided equally between the parties. Each party shall bear the cost of preparing and presenting its own case. However, if none of the disciplinary charges against a police officer are sustained by the Arbitrator, then the Port Authority shall pay reasonable counsel fees at the rates set forth in the Section of this Memorandum of Agreement entitled "Non-Civil Charges and Complaints" for the defense of the police officer in the arbitration.

e.  Arbitrations shall be held in accordance with the then-effective Voluntary Labor Arbitration Rules of the American Arbitration Association ("AAA"), and will be transcribed by a transcription service selected and provided by the party who determined the location of the arbitration hearing. The cost of said service will be equally divided by the parties.

f.  The arbitrator shall hold the hearing at a time convenient to the parties as expeditiously as possible after his selection and shall issue his decision as

soon after the close of the hearing as practicable. The hearing will be located alternatively between Police Headquarters and the PBA Office.

g.    The settlement or award or relief upon a grievance may or may not be retroactive as the equities of each case demand but in no event shall such resolution be retroactive to a date earlier than the date the grievance was first submitted informally or on the date the grievance occurred.

h.    Resolutions or decisions at Steps One and Two of this procedure shall not constitute a precedent in any arbitration or other proceeding.

## C.    Neutrals / Arbitrators

1.    The parties shall agree upon a list of twelve (12) arbitrators from whom individuals shall, on a rotating basis, be called upon to serve as the 1) neutral member of the Board of Inquiry referred to in Paragraph B.2. above, and 2) the arbitrator to hear and decide cases referred to arbitration pursuant to Paragraph B.3. above, If the neutral/arbitrator is unavailable for sixty (60) days after notice of assignment, the next available neutral/arbitrator shall be contacted by the moving party.

2.    Commencing December 1998, and annually in each December thereafter, the Port Authority and the Association shall each have the right to remove two members from the Panel of Neutrals/Arbitrators ("arbitrators"), provided that such right must be exercised in writing with an original thereof transmitted to the other party by certified mail return receipt requested. An individual who is removed shall not have any new matters referred to him but shall continue to serve as Arbitrator with respect to any matter which had been referred to him in that capacity. This right may be exercised only in the month of December.

163

3.    If either party exercises its right to remove, the Port Authority and the Association shall meet no later than the immediately following January to agree upon an individual(s) to fill the vacant position(s). If a party removes an arbitrator, it may thereafter remove only one additional arbitrator unless the parties have agreed to an arbitrator to fill the existing vacancy and the agreed to arbitrator has accepted a position on the Panel. If a party removes two arbitrators, it shall not be permitted to exercise its right to remove thereafter unless the parties have agreed to arbitrators to fill the vacancies and the arbitrators agreed to have accepted positions on the Panel of Arbitrators. If an individual removes himself from the Panel of Arbitrators: the parties shall meet within thirty (30) days of receipt of notice thereof from the individual to agree upon a replacement therefore.

**D.    General Provisions**

1.    The parties may mutually agree in writing, when circumstances warrant, to by-pass Steps One and Two of this Grievance Procedure. A disciplinary charge involving "major discipline" shall proceed to Step 3 (Arbitration) if no recommendation on it is rendered by the Board of Inquiry within sixty (60) days of service of the underlying charges.

2.    Police Officers shall have the right to present grievances in accordance with the procedures described herein free from interference, coercion, restraint, discrimination or reprisal

3.    The grievant is entitled to Association representation at any grievance and arbitration meetings. The Association shall have the exclusive right to represent members in any grievance provided, however, that any grievant or group of

164

grievants shall have the right to present his or their own grievance at Steps One and Two without representation of any kind, provided further that no resolution of a grievance shall be inconsistent with the provisions of the Memorandum of Agreement.

4.  The Association shall receive copies of written determinations and of appeals at all Steps and may submit written comments thereon and shall have the right to be present and to offer statements at any grievance step meeting.

5.  The failure by the Port Authority to meet a deadline specified herein shall permit advancing the matter to the next Step. The failure of the grievant or the Association to file a grievance or an appeal within the time limit specified shall be deemed to be a resolution of the grievance.

6.  All time limits contained in this procedure may be extended by mutual agreement in writing.

7.  The processing of a complaint by the Port Authority pursuant to this procedure shall not constitute a waiver by the Authority of any defense or claim that the conduct complained of does not involve the application or interpretation of any provision of the Memorandum of Agreement.

8.  The grievant(s) and any witness(es) shall be excused from duty with pay as required for the processing of grievances, subject to the approval of the Superintendent of Police, If possible, any such request for excusal must be presented in advance, and approval thereof shall not be unreasonably withheld. Time off for Association representation purposes shall be in accordance with the Limited Distribution Directive 1-98, dated April 29, 1998.

9.     Nothing herein shall preclude the Association from presenting a relevant defense at any step in this Procedure with respect to any disciplinary charge.  In considering any such defense, neither the Board of Inquiry nor an Arbitrator shall have the power to add to, subtract from or modify the provisions of the Memorandum of Agreement.

**THE PORT AUTHORITY OF NY & NJ** 

ONE WORLD TRADE CENTER, 66 EAST
NEW YORK, NY 10048

JEFFERY S. GREEN
GENERAL COUNSEL

PATRICK D. ROONEY, CHIEF
EMPLOYMENT & LABOR LAW DIVISIÓN

(212) 435-6206
(973) 961-6600 x6206
EMAIL: prooney@panynj.gov

July 28, 2000

Gaspar J. Danese, President
Port Authority Police Benevolent Association, Inc.
611 Palisade Avenue
Englewood Cliffs, NJ 07632-1805

Dear Officer Danese:

The Port Authority of New York and New Jersey and the Port Authority Police Benevolent Association, Inc., hereby agree to the following modifications to the procedure applicable to grievances and discipline of Police Officers under the parties' Memorandum of Agreement. This Letter of Agreement shall not modify disciplinary actions taken under the terms of Appendix M. This Letter of Agreement shall be an addendum to the Memorandum of Agreement and other than the modifications required hereby, all other provision of the Memorandum of Agreement shall continue in effect.

Appendix "G" is amended to provide that Step Two of the Grievance Procedure set forth in Appendix "G" shall no longer be applicable to grievances thereunder. However, the President of the Association and the Chief of Staff of the Port Authority may mutually agree in writing to submit any individual grievance to Step Two when circumstances warrant. If a grievance remains unresolved for a sixty working day period following its submission to the Port Authority as provided in Step One of the Grievance Procedure, then, at any time after the completion of that sixty day period, the President of the Association may elect to refer that grievance to Step Three of the Grievance Procedure.

Appendix "G", Paragraph B2 is amended to delete the second sentence thereof. The powers of the Board of Inquiry as set forth in Step Two of Appendix "G" are supplemented to provide that with respect to disciplinary charges seeking major discipline the Board of Inquiry, in addition to recommendations it may make, may take any of the following actions: by unanimous vote, amend or dismiss such disciplinary charges; and, by majority vote, downgrade any such disciplinary charge to one seeking minor discipline.

Repeated and Excessive Absence – Stage I charges under Appendix "L" shall be held in abeyance following the service of the Notice of Pending Charges and the time limits for filing and service of Stage I charges shall be stayed. A Police Officer against whom a Stage I charge is being held in abeyance may be charged with Repeated and Excessive Absence-Stage II if the Police Officer has two or more occasions of absence and a total of twelve or more regularly scheduled work days absent in the nine month period, or any part thereof, immediately following the period covered by the Stage I charge being held in abeyance.

In the event no Stage II charge is brought against the Police Officer, the Notice of Pending Charges for the Stage I charge shall be withdrawn. In the event a Stage II charge is brought against the Police Officer, the Stage I charge shall be filed and served along with the Stage II charge, and shall proceed directly to Step Two of the Grievance Procedure set forth in Appendix "G". The Stage I and Stage II charges shall be heard in a single hearing and the Board of Inquiry shall decide the Stage II charge only if the Stage I charge I is sustained.

Any Stage I charge served on a Police Officer prior to November 1, 1999, shall be withdrawn if that Police Officer does not have a Stage II charge pending against him or her as of the date of execution of this Letter of Agreement.

Please indicate your concurrence in the above on behalf of the Port Authority Police Benevolent Association by signing below and return an original to me.

Very truly yours,

Louis J. LaCapra
Chief of Staff

CONCUR:

Gaspar J. Danese, President
Port Authority Police Benevolent
Association, Inc.

DATE:

7-31-00